IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff**<br><br>    **v.**<br><br>$26,000.00 IN U.S. CURRENCY,<br><br>    **Defendant.** | CIVIL NO. 18- |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico, Héctor E. Ramírez-Carbó, Assistant United States Attorney, Chief, Civil Division, and David O. Martorani-Dale, Assistant United States Attorney bring this complaint and allege as follows in accordance with Supplemental Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

### NATURE OF THE ACTION

1. This is a civil action in rem brought to enforce the provisions of Title 18 United States Code, Section 981; Title 21 United States Code, Section 881(a)(6); Title 18 United States Code, Section 1956; Title 21 United States Code, Sections 841, 843(b) and 846.

### DEFENDANT IN REM

2. The defendant property seized by United States Postal Inspection Service ("USPIS") agents consists of $26,000.00 in U.S. Currency.

1

JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over an action commenced by the United States
    Title 28 United States Code, Section 1345; over an action for forfeiture pursuant to Title
    28 United States Code, Section 1355; and over this particular action pursuant to Title 18
    United States Code, Section 981 and Title 21 United States Code, Section 881(a)(6).

4.  This Court has in rem jurisdiction over the defendant currency pursuant to Title 28 United
    States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture
    occurred in this district) and Section 1355(b)(1)(B) (the defendant property is found in this
    district).

5.  Venue is proper in this district pursuant to Title 28 United States Code, Section
    1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and
    Section 1395 (the defendant property is found in this district).

BASIS FOR FORFEITURE

6.  This is a civil action in rem brought to enforce the provisions of Title 18 United States
    Code, Section 981 – Civil Forfeiture; Title 21 United States Code, Section 881(a)(6) –
    Forfeitures; Title 18 United States Code, Section 1956 – Laundering of Monetary
    Instruments; and Title 21 United States Code, Section 841 – Prohibited acts A, Section
    843(b) – Communication Facility and Section 846 – Attempt and conspiracy.

FACTS

7.  The facts and circumstances supporting the seizure and forfeiture of the defendant property
    are contained in the Title 28, United States Code, Section 1746 unsworn declaration of the
    USPIS, Postal Inspector, Leopoldo F. Polanco attached hereto, and incorporated herein as
    if fully stated.

CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant currency be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant currency condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 17th day of December 2018.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney


*s/Hector E. Ramirez-Carbó*
**Hector E. Ramirez-Carbó**
Assistant U.S. Attorney
Chief, Civil Division
USDC No. 214902
hector.e.ramirez@usdoj.gov


*s/David O. Martorani-Dale*
**David O. Martorani-Dale**
Assistant U.S. Attorney
U.S.D.C.-PR 226004
david.o.martorani@usdoj.gov

350 Carlos Chardón Street
Torre Chardón
Hato Rey, Puerto Rico 00918
Tel. (787 766-5656
Fax. (787) 771 4050

VERIFIED DECLARATION

I, David O. Martorani-Dale, Assistant U.S. Attorney, for the District of Puerto Rico, declare under penalty of perjury as provided by Title 28, United States Code, Section 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the USPIS; that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 17th day of December 2018.


*s/David O. Martorani-Dale*
David O. Martorani-Dale
Assistant U.S. Attorney


VERIFIED DECLARATION

I, Leopoldo F. Polanco, Postal Inspector, USPIS, declare as provided by Title 28, United States Code, Section 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture in Rem and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief.  I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 17th day of December 2018.

Leopoldo F. Polanco, Postal Inspector
United States Postal Inspection Service
("USPIS")

4

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY
### Title 28 United States Code 1746

I, Leopoldo F. Polanco, U.S. Postal Inspector with the United States Postal Inspection Service (USPIS), hereby declare as follows:

### PROFESSIONAL BACKGROUND

I am a Postal Inspector with the United States Postal Inspection Service (USPIS), currently assigned to the Newark Division, San Juan Field Office, located in Guaynabo, Puerto Rico, and have so been employed since September 2016. I have received formal classroom training from the United States Postal Inspection Service during the 12-week Postal Inspector Basic Training Academy at the Career Development Unit in Potomac, Maryland. I also have had additional training and experience with other U.S. Postal Inspectors and federal and local law enforcement agents in connection with the investigation of the use of the U.S. Mail or in connection to the U.S. Postal Service ("USPS"), property of the USPS and other postal offenses, as set forth in Title 18, United States Code § 3061. As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, § 2510(7). That is, I am an officer of the United States who is empowered by law to conduct investigations and to make arrests for crimes furthered through the use of the U.S. Mail or in connection to the U.S. Postal Service.

I am currently assigned to the San Juan Prohibited Mail Team and am primarily responsible for investigations involving the illegal use of the U.S. Mail in the trafficking of narcotics and firearms. As a result, I have conducted numerous firearms and narcotics investigations involving the transportation of firearms and controlled substances; as well as those involving proceeds derived from the distribution of firearms and controlled substances via the mail, in violation of Title 18 United States Code, §§ 922 (a)(1)(a) & (a)(3), and 1715, and 21 United States Code, §§ 841 (a)(1),

843(b), and 846. As a Postal Inspector, I have also worked on several investigations involving the use of the U.S. Mail and the Postal Service to launder and smuggle currency derived from specified unlawful activities, including narcotics distribution, in violation of 18 <u>United States Code,</u> §§ 981, 982, 1956, and 1957, and Title 31, <u>United States Code,</u> § 5325.   Additionally, I have also participated in several interdiction operations targeting parcels containing illegal firearms, narcotics, and proceeds thereof, both in San Juan and elsewhere in the continental United States.   While conducting investigations relative to the mailing of firearms, narcotics and currency, I have had the opportunity to become familiar with known trafficking sources and destination areas, various smuggling methods and techniques used by traffickers, as well as the manner in which traffickers package illicit firearms, narcotics, and related proceeds.

Because this declaration is submitted for a limited purpose, the undersigned has not included details of every aspect of this investigation.   The facts and information contained in this unsworn declaration are based on my personal knowledge as well as observations of other Postal Inspectors involved in this investigation.   All observations that were not personally made by me were relayed to me by other law enforcement officers as a result of my personal participation in the investigation of Elias Perez-Alcantara, Mercedes Carrasquillo, and others; through information obtained from other law enforcement agencies, witnesses and reliable sources, I am familiar with the facts and circumstances of the offenses described in the "Facts" section of this unsworn declaration.

Unless otherwise noted, whenever in this unsworn declaration I assert that a statement was made, the information was provided by another law enforcement officer, to whom I have spoken or whose report I have read and reviewed.

Likewise, information resulting from the parcel interdiction and investigation, except where

otherwise indicated, does not set forth my observations, but rather has been provided, directly or indirectly, through other law enforcement officers that conducted the interdiction.

## PROPERTY TO BE FORFEITED

This unsworn declaration is offered in support for the forfeiture of the following asset seized during the aforementioned enforcement actions:

- **$26,000.00 IN U.S. CURRENCY**

## INVESTIGATIVE BASIS

Based on my training and experience I have learned that:

1.  The U.S. Mail is often used by narcotic traffickers to transport controlled substances, as well as U.S. currency derived from, or involved in, the distribution of controlled substances, either as payment or proceeds;

2.  The drug traffickers know that both U.S. Mail services, the Priority Mail Express and the Priority Mail are considered First Class Mail and are therefore protected against inspection without a Federal Search Warrant;

3.  That drug traffickers discern that by using Priority Mail Express and Priority Mail with Delivery Confirmation, they can track the parcels, control dispatch times and locations, and most importantly, have a guarantee of delivery in one or two business days.  Moreover, traffickers also know that any delay in a  Priority Mail Express parcel delivery could represent that such parcel has been intercepted by law enforcement;

4.  That law enforcement agencies have established, based upon years of experience in narcotics investigations, that the state of Pennsylvania frequently receives controlled substances sent via the U.S. Mail from Puerto Rico.  Furthermore, Puerto Rico is a known destination for the

3

returning proceeds or payments of such narcotics from Pennsylvania;

5.  That, in addition to the aforementioned, it is customary for narcotics traffickers to hand write the labels attached to the mail piece instead of using a pre-printed label.  Pre-printed labels are customary with most legitimate businesses utilizing the Priority Mail Express service;

6.  That individuals who regularly handle controlled substances often leave the scent of controlled substances on the box, packaging materials, and U.S. currency they handle, and that packaging materials are often stored in close proximity to the controlled substances transferring the odor to the packaging materials;

7.  That narcotic canines, also known as K-9, are trained to alert to the smell of various chemicals present in illegal narcotic drugs, such as methyl benzoate, a chemical present in cocaine;

8.  That USPIS Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds, unlike legitimate businesses or gifts whose note, letter, receipt, or coupon is included with the cash or monetary instruments;

9.  Postal Inspectors have found, in most cases, narcotics payments have been primarily in twenty-dollar denominations;

10. Postal Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds, unlike legitimate businesses or gifts whose note, letter, receipt, or coupon is included with the cash or monetary instruments.

## FACTS

On July 10, 2018, at the USPS General Post Office located in San Juan, Puerto Rico, Priority Mail Express parcel EL464808768US addressed to "Elias Perez, ███████████ San Juan PR 00921" with a return address of "Mercede Carrasquillo, ███████████ York PA. ███ ███." was identified by Postal Inspectors as meeting the initial suspicious characteristics of a narcotics mailing.

The subject parcel was a USPS Priority Mail Express box, had a hand written label, weighed approximately twenty two (22) pounds, and measured approximately 18" x 18" x 24". The parcel had affixed to it U.S. Postage Meter strip number R2305K141033-91, with a postage amount of $143.45, the meter was from York, PA and dated July 09, 2018.

On July 11, 2018, at the U.S. Postal Inspection Service facility, located in Guaynabo, Puerto Rico, the parcel was placed for exterior examination by a narcotics detection canine from the U.S. Customs and Border Protection. According to the officer who handled the canine, "Honzo" exhibited a change of behavior consistent with the presence of various odors of controlled substances.

On July 12, 2018, Federal Search Warrant ███████ dated July 12, 2018, was executed on Priority Mail Express parcel EL464808768US. The parcel was opened and found inside were two (2) pillows, two (2) kid's theme bed comforters, adult clothing plastic hangers, two (2) pillow cases and several eye wear items. Concealed inside one of the bed comforters, taped to the packaging cardboard were zipper snack plastic bags containing U.S. Currency of various denominations of $10, $20, $50, and $100 denominations for a total amount of $26,000.00. The currency consisted mainly of $20 bills, making up 88% of the total amount of bills found. There were no notes, receipts or

instructions in the parcel.

According to a law enforcement database, Mercedes Carrasquillo was associated to the address of ███████████████ from March 2016 to October 2017.  Since April 2018, three months before the seizure of $26,000.00, Carrasquillo was located at ████████ York, PA 17401.  A postal inspector contacted the U.S. Postal Service manager who is responsible for delivery at ███████ York, PA 17401.  The postal manager informed that the location, ███ █████, is a low income housing for individuals with disabilities (elderly, mental health, etc.).  This information was also verified by Google.com.

On July 24, 2018, an address verification was received from the U.S. Postal Service Caparra Carrier Section.  Per a postal manager, the address of ███████████ San Juan PR 00921-2552 is recognized by the U.S. Postal Service as a deliverable address.  Elias Perez is a mail recipient at this address.

On July 31, 2018, the U.S. Postal Inspection Service received a phone call from the Postal Service Consumer Affair's representative informing the Inspection Service that an individual by the name of Elias Perez was looking for a Priority Mail Express parcel containing money.  The Consumer Affair's representative provided telephone number ███-2871 and the address of ███████ ██████ Caparra, for Elias Perez.  Mr. Elias Perez was immediately contacted by the postal inspector's office.  Mr. Perez said he was expecting an Express Mail parcel from Mercedes Carrasquillo that contained pillows, bed sheets, hangers and approximately $22,000.00 to $26,000.00.  Mr. Perez stated he was purchasing some motorcycles in York and they were sold before they could purchase them.  His friend was returning the money.  Mr. Perez was informed he would receive a letter within 60 days with the instructions to claim or petition the money.  Mr. Perez

6

also provided the sender's address of ██████████████████ York, PA 17401.

On August 10, 2018, a Probable Cause Verification was approved by the Postal Inspector Attorney for the seizure of $26,000.00. Notices were sent to all interested parties on August 24, 2018. Internet advertisement information was posted on August 27, 2018 in the forfeiture.gov website for 30 consecutive days.

On September 24, 2018, a valid Claim for the $26,000.00 was received from Elias Perez via Attorney Jorge Molina-Mencia.

According to the Claim's sworn statement dated September 19, 2018, the claimant, Mr. Elias Perez, is the rightful owner of the seized asset. The amount of $26,000.00 was transported by the claimant to the state of Pennsylvania for the purpose of purchasing a motorcycle. The claimant's business consists of selling items at retail value. The claimant's store, Elias Communication, is physically located at ██████████████████████ San Juan Puerto Rico, and it is operated through Elias Communication, LLC. According to the statement, Elias A. Perez is the corporation's president, resident agent, and only shareholder; he also manages the day-to-day activities of the store.

According to the claim's sworn statement, from the beginning the claimant's store has proven to be a successful enterprise, generating annual net profits in excess of fifty thousand dollars ($50,000.00) a year. The claimant's income is a product of his lawful and legal business.

Continuing with the statement, the claimant was interested in the purchase of a motorcycle that had been advertised through the website Craigslist.com by the motorcycle's owner. The statement provided the following information:

Advertising Website: York.craigslist.org
Section of Advertisement: For Sale (motorcycles)

7

Item Advertised:  KTM 500XCW
Price: $26,000.00
Location of Item:  York, PA
Owner Information:  Mercedes Carrasquillo

After back and forth communications with the motorcycle's owner during the end of the month of June and the beginning of July, Perez and the bike's owner reached a verbal understanding regarding the item being purchased.  Perez instructed his employee, Pedro Garces-Cartagena, to travel to Pennsylvania in order to complete the purchase and ship the motorcycle to Puerto Rico. According to the statement, Garces-Cartagena arrived in Pennsylvania and visually inspected the motorcycle and it became clear that the item advertised was far from the actual circumstances (condition) of the motorcycle.  Contrary to the information verbally provided by the owner, the motorcycle's condition was vastly deteriorated, and its functionality was doubtful.  The statement should have included twelve (12) documents as evidence of ownership.  However, these documents were not included.

On October 2, 2018, a letter was sent via U.S. Mail and via eMail to Attorney Jorge Molina-Mencia, molinamencia@yahoo.com, requesting additional information or evidence in support of Elias Perez' claim.  On October 11, 2018, the Inspection Service received an eMail from Attorney Jorge Molina.  The eMail contained a letter in response and compliance with the requested information, a sworn statement from Elias Perez, and a sworn statement from Pedro Garces.  Additional documents were received in a box via U.S. Mail.  The following is the information requested from the Inspection Service and the response and evidence provided according to the claimant's statement dated October 10, 2018.

1. **To provide all the evidence/documents mentioned as attachments in the Claim form, from paragraph 1 through 12.  These documents were not included with the Claim.**

(1) **Department of State's Certificate of Formation** – This document is evidence of a registered legal business in Puerto Rico, owned by the claimant, Elias Perez-Alcantara.

(2) **Department of State's Certificate of Organization** – This document is evidence of a registered legal business in Puerto Rico, owned by the claimant, Elias Perez-Alcantara.

(3) **Puerto Rico Treasury Department's Certificate of Merchant Registry** – This document is evidence of a registered legal business in Puerto Rico, owned by the claimant, Elias Perez-Alcantara.

(4) **Municipality of San Juan Permit Office's Use Permit** - This document is evidence of a registered legal business in Puerto Rico, owned by the claimant, Elias Perez-Alcantara.

(5) **Transaction History for services provided through the website portal BOSS REVOUTION, from January 1, 2018 until September 6, 2018** – This document is found irrelevant to this administrative investigation.

(6) **Transaction History for services provided through the website portal BOSS REVOLUTION, from June 27, 2017 until December 321, 2017** – This document is found irrelevant to this administrative investigation.

(7) **Transaction History for services provided through the website portal BOSS REVOLUTION, from February 1, 2015 until December 31, 2015** – This document is found irrelevant to this administrative investigation.

(8) **Transaction Report for service through the website portal EPAY, for the year**

9

2018 – This document is found irrelevant to this administrative investigation.

(9) **Transaction by store report for services provided through the website portal SIMAPAY,** from August 1, 2016 until September 7, 2018 – This document is irrelevant to this investigation.

(10) **Transaction history of Mr. Elias Perez' personal bank account, from July 2, 2018 until September 7, 2018** – This document does not provide   evidence of the origination of the $26,000.00 in U.S. currency seized by postal inspectors.

(11) **Transaction detail of Mr. Elias Perez' personal credit card, from January 1, 2018 until September 7, 2018, American Express** – The credit card statement does not provide evidence of the origination of the $26,000.00 in U.S. currency. This document, however, indicates personal expenses for the amount of $44,466.12 throughout 2018.

(12) **Transaction details of Mr. Elias Perez' personal credit card, from January 1, 2017 until December 31, 2017** – The credit card statement does not provide evidence of the origination of the $26,000.00 in U.S. currency.  This document, however, indicates personal expenses for the amount of $89,872.62 throughout 2017; contrary to the 2017 State Income Tax Return document claiming net earnings of $2,431.00.

2.  **Provide complete copies of the latest state tax, federal tax, and/or business tax filling documents.**

(13) **Copy of the 2016 Income Tax Returns for Elias Perez-Alcantara** – This document is evidence of Perez-Alcantara 2016 filling income tax with the Government of Puerto Rico; claiming sales for $15,060.00 with earnings after

deductions of $3,836.00.

       According to Perez-Alcantara's claim sworn statement "from its beginnings the Claimant's store has proven to be a successful enterprise, generating annual net profits in excess of fifty thousand dollars ($50,000.00) a year.

(14) **Copy of the 2017 Income Tax Returns for Elias Perez-Alcantara** – This document is evidence of Perez-Alcantara 2017 filling income tax with the Government of Puerto Rico; claiming sales for $16,900.00 with earnings after deductions of $2,431.00.

3. **To provide a copy of the bank statement from which the withdrawal of $26,000.00 in U.S. currency was made. If the money was sent to Pennsylvania in a form of a financial instrument, provide a copy.**

According to the statement dated October 10, 2018, "Mr. Elias Perez had the aforementioned amount in cash in his house, not in his bank account. According to the statement, the claimant had been saving money in cash, profits from his earnings, in order to carry out this type of transaction (purchasing of a motorcycle) with an internet seller." The statement continues, that "it is the claimant's opinion that transaction made with internet sellers, from internet advertisements, are more easily conducted and completed, using cash, as opposed to any other means of payment. Especially during the negotiation phase of a transaction (being conducted between strangers connected through the internet), having the purchase amount heavily benefits the buyer, in this particular case, the direct buyer being Mr. Elias Perez' associate, Mr. Pedro Luis Garces Cartagena, who was performing the above-mentioned business transaction on the claimant's behalf."

4. **To provide a statement from Pedro Garces-Cartagena with the following:**

(a) **Description of the circumstances involving the seized currency.**

(b) **Provide phone number and complete address.**

According to Garces-Cartagena's sworn statement: ██████████████████

████████████████ San Juan Puerto Rico 00913, telephone number

████-2871.

(c) **Include a copy or evidence of the travel ticket to Pennsylvania.**

(16) **Evidence of travel (Departure and Return tickets for Mr. Pedro Luis Garces-Cartagena) to the United States** – This document is evidence of Garces-Cartagena traveling together with Juan Gomez-Alvarez days before the $26,000.00 seizure by postal inspectors.

According to the travel evidence, Pedro Luis Garces-Cartagena traveled together with Juan Gomez-Alvarez, and Angelo Rosario-Clemente. The three individuals departed San Juan on Saturday, July 7, 2018 on Southwest Airlines at 4:50 PM arriving in Baltimore/ Washington, MD at 8:55 PM. According to the statement dated October 10, 2018 each individual carried equal portions of the complete amount, $8,666.00. Mr. Garces-Cartagena returned alone to San Juan on Wednesday, July 11, 2018 from Baltimore/Washington, MD.

(17) **Evidence of travel (Return ticket for Mr. Angelo Rosario Clemente) to the United States** - This document indicates there was a third person traveling to the Pennsylvania area in the same flight as Pedro L. Garces-Cartagena and Juan Gomez-Alvarez days before the $26,000.00 seizure by

12

postal inspectors.

**(d)As the mailer of the Express Mail parcel, describe the contents and concealment method of the U.S. currency inside the parcel and the reason to use such concealment.**

It was explained in the statement that "Mr. Pedro Garces took the opportunity to also include in the package the baby items he had purchased in Pennsylvania for his upcoming (soon to be born) child.  Mr. Pedro Garces wrapped the cash in the blankets and placed it inside the postal delivery box, alongside the other small baby items bought; contrary to USPIS's allegations of concealment, the claimant, as well as his associate, express that there was no concealment of the money, just the most efficient way to send the aforementioned items including the cash, by mail to Puerto Rico."

According to the results of search warrant execution on the parcel, no baby items were found inside.  The currency was found inside plastic zipper bags taped to the packaging cardboard of one of the kid theme comforters.

**(e)The reason his name was not in the return address on the Express Mail label.**

According to the statement dated October 10, 2018, "the information provided by Mr. Pedro Garces on the return label of the parcel was that of his friend, Mercedes Carrasquillo, the only person that Mr. Pedro Garces knows and that resides in Pennsylvania, United States."

**(f)The reason why cash was sent instead of a financial instrument such as a personal check, business check, manager's check, or money orders.**

According to the statement dated October 10, 2018, "…after the business transaction

fell through, Mr. Pedro Garces had to return to Puerto Rico with $26,000.00 in cash and without the company of Juan Alvarez Gomez and Angelo Rosario Clemente. In order to avoid traveling with such a high amount of cash, as a safety precaution, it was the claimant's decision for the money to be sent by mail. Following his boss' orders, Mr. Pedro Garces proceeded to send the aforementioned sum of cash by mail, to the claimant in Puerto Rico."

Also, according to the statement, "as to the reason why the cash was not changed into another form of financial instrument before being sent, the claimant, as well as his associate, express that such a possibility was simply not pondered. Exchanging the sum of cash into any type of check was not a viable option, since Mr. Pedro Garces does not possess a bank account in a financial institution within the Continental United States. And as for the prospect of acquiring twenty-six money orders, each one in the maximum amount of one thousand dollars, neither the claimant nor his associate thought of this possibility."

In addition to the above, the following evidence was included with the sworn statement dated October 10, 2018:

(15) **Sworn Affidavit, Elias Perez-Alcantara, October 10, 2018**
(16) **Evidence of Travel (Departure and Return Tickets for Mr. Pedro Luis Garces Cartagena) to the United States.** (Listed above in 4c)
(17) **Evidence of Travel (Return Ticket for Mr. Angelo Rosario Clemente)     to the United States.** (Listed above in 4c)
(18) **Priority Mail Label EL464808768US**
(19) **Sworn Affidavit, Pedro Luis Garces-Cartagena, October 10, 2018**

On October 17, 2018, the telephone number for Mercedes Carrasquillo, ████-1882, was

14

requested and obtained via eMail from Attorney Molina-Mencia.   Mercedes Carrasquillo was contacted via telephone call.  According to the conversation with Ms. Carrasquillo, she knew the contents of a parcel was money and that the purpose was to purchase a KTM motorcycle. Carrasquillo stated she was helping a friend who was helping a friend finding a motorcycle in the area of York; but, the motorcycle could not be found.  Carrasquillo stated all she knew about her friend's friend was that he owned a cellphone store, but she did not know him personally.  Her friend's name was Pedro Garces and the name on delivery address of the parcel was Elias Perez. Carrasquillo also stated the reason for using her name and address on the label was because the post office needed a return address from that area. Carrasquillo was asked if she advertised the motorcycle in Craiglist.  Carrasquillo explained that she does not use Craiglist because all she does is help her friends finding items within the area where she is located; she understands things are tough in Puerto Rico and she just wants to help because things are cheaper there.

On July 31, 2018, during the telephone conversation with Elias Perez, he stated he was purchasing some motorcycles in York and the motorcycles were sold before they could purchase them, and his friend was returning the money.  Another version was given on the Claim statement dated September 19, 2018, upon Mr. Pedro Garces-Cartagena's arrival at Pennsylvania and visual inspection of the motorcycle, it became clear that the item advertised was far from the actual circumstances of the motorcycle.  Contrary to the information verbally provided by the owner, the motorcycle's condition was vastly deteriorated, and its functionality was doubtful. ...the verbal agreement between the claimant and the motorcycle's owner was rescinded and its purchase aborted." On October 17, 2018, a different version was received from Mercedes Carrasquillo, who stated there was no Craiglist or motorcycle, she was simply helping her friend to find a motorcycle

15

but they could not find one.

The amount of $26,000.00 appears excessive for the item been purchased. According to the NADA Guides and internet searches on the make and model of the motorcycle been purchased by the claimant, the average value of a KTM 500 XC-W, between 2013 to 2016 is $8,837.00. The same model could not be found for 2017 or 2018. However, a similar model, KTM 500 EXC-F, averages a value of $10,949.00.

Results to a criminal history search concerning Elias A. Perez-Alcantara, the claimant of $26,000.00; no convictions were found. Perez-Alcantara has an active firearm license.

Results to a search concerning Pedro Luis Garces-Cartagena,

San Juan, PR 00913; no convictions were found.

Results to a search concerning Angelo Louis Rosario Clemente,

San Juan, PR 00913; no convictions were found.

Results to a search concerning Juan R. Gomez-Alvarez, Res Luis Llorens Torres,

San Juan, PR 00913; an arrest on April 5, 2018 for possession of controlled substances. On June 6, 2018 Gomez-Alvarez was released.

According to Postal Inspection Service records, from March 2018 through September 2018, the postal inspectors assigned to the Pennsylvania area have seized eleven (11) parcels containing Cocaine for an approximate amount of 17 kilos; all mailed from Puerto Rico.

The statutory provisions pursuant to which the assets are subject to seizure and forfeiture are as follow:

a. Title 18, United States Code, Section 981(a)(1)(C) – Civil Forfeiture - The following property is subject to forfeiture to the United States: Any property, real or personal, which

16

constitutes or is derived from proceeds traceable to a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657, 670, 842, 844, 1005, 1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

b.  Title 21, <u>United States Code</u>, Section 881(a)(6) – All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

c.  Title 18, <u>United States Code</u>, Section 1956(a)(2) – Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States— **(A)** with the intent to promote the carrying on of specified unlawful activity; or **(B)** knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part— **(i)** to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or **(ii)** to avoid a transaction reporting requirement under State or Federal law, shall be sentenced to a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer,

whichever is greater, or imprisonment for not more than twenty years, or both. For the purpose of the offense described in subparagraph (B), the defendant's knowledge may be established by proof that a law enforcement officer represented the matter specified in subparagraph (B) as true, and the defendant's subsequent statements or actions indicate that the defendant believed such representations to be true.

d.   Title 21, <u>United States Code</u>, Section 841(a)(1) – Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally— (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

e.   Tile 21, <u>United States Code</u>, Section 843(b) - It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

f.   Title 21, <u>United States Code</u>, Section 846 – Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Based upon my training and experience, participation in other investigations, and facts concerning this investigation: (1) the suspicious manner in which defendant's money was transferred, not wired, not sent by check, but rather sent uninsured, overnight by Priority Mail Express shipment which was paid for in cash; (2) the substantial amount of cash involved, $26,000.00 (3) the dog sniff - a trained narcotics canine, who alerted positive to the package; (4) the claimant/petitioner did not provide evidence of the legitimacy and origination of the seized U.S. currency; (5) It is unreasonable for a legitimate business to attempt a large business transaction in cash, specifically involving an amount larger than $10,000.00 and leaving no documentation trail of a large cash payment; (6) Mr. Perez claims to have a successful business; however, income tax return documents do not indicate enough earnings to support the legitimacy of $26,000.00; (7) conflicting statements from Attorney Molina-Mencia and his client Elias Perez-Alcantara concerning the motorcycle been advertised in Craiglist; and the conversation with Mercedes Carrasquillo, the alleged seller, who indicated there was no Craiglist or Internet advertisement; (8) if the money was indeed carried in cash into the United States, then, structuring and concealment is evident when $26,000.00 in U.S. currency was split between three individuals to be carry out to the United States; (9) it is unreasonable that a dirt bike will cost $26,000.00, including its transportation to Puerto Rico; still, this amount did not include the cost of three airline travel tickets to Pennsylvania and overnight lodging;  (10) it is questionable the reason of making business from an address that belongs to a retirement home and/or a shelter for the disabled; I believe that sufficient probable cause exits to show that there is present material evidence of a commission of a violation of a Federal Law to wit: Title 18 United States Code, Section 1956; and Title 21 United States Code, Sections 841, 843(b) and 846. The undersigned further believes that there is evidence to establish the forfeitability of the amount of

$26,000.00 in U.S. Currency seized from Elias Perez-Alcantara pursuant to Title 18 <u>United States</u> <u>Code,</u> Section 981 and Title 21 <u>United States Code</u>, Section 881(a)(6).

     I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief, pursuant to Title 28 <u>United States Code,</u> § 1746.

     In San Juan, Puerto Rico, this 17th day of December 2018.

                          Leopoldo F. Polanco
                          US Postal Inspector
                          United States Postal Inspection Service
                          San Juan, Puerto Rico

℘JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS

UNITED STATES OF AMERICA

### DEFENDANTS

$26,000.00 IN U.S. CURRENCY,

(b)   County of Residence of First Listed Plaintiff

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c)   Attorney's (Firm Name, Address, and Telephone Number)

David O. Martorani-Dale, AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR  00918

Attorneys (If Known)

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury  - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☒ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V.  ORIGIN (Place an "X" in One Box Only)

☒ 1   Original Proceeding
☐ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from another district (specify)
☐ 6   Multidistrict Litigation
☐ 7   Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (Do not cite jurisdictional statutes unless diversity):

Title 18 United States Code, Section 981; Title 21 United States Code, Section 881(a)(6); Title 18 United States Code, Section 1956; Title 21 United States Code, Sections 841, 843(b) and 846.

## VII.  REQUESTED IN COMPLAINT:

UNDER F.R.C.P. 23

only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

12/17/2018

SIGNATURE OF ATTORNEY OF RECORD

s/David O. Martorani-Dale

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)

   U.S. v. $26,000.00 IN U.S. CURRENCY,

2. Category in which case belongs: (See Local Rules)

   | X | ORDINARY CIVIL CASE | CIVIL FORFEITURE |
   |---|---|---|
   | | SOCIAL SECURITY | |
   | | BANK CASE | |
   | | INJUNCTION | |

3. Title and number, if any, of related cases (See Local Rules)

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?

   ☐ YES     X   NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?

   ☐ YES     X NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?

   ☐ YES     ☒ NO

(Please Print)

USDC ATTORNEY'S ID NO.    USDC # 226004

ATTORNEY'S NAME:    David O. Martorani-Dale

MAILING ADDRESS:    TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE

HATO REY  PR     ZIP CODE   00918

TELEPHONE NO.     787-766-5656